Plaintiff has not been guilty of any laches. It did not learn of the dismissal until September, 1931, and it then proceeded with due diligence in bringing this motion. Apparently, it was of the opinion that the stipulation of continuance protected it without the necessity of inquiry as to the status of the record. No notice had ever been sent by the clerk as required by section 3 of Rule 15, or by section 4 of Rule 15. It would seem that the case at bar discloses "errors in matters of fact which had not been put in issue or passed upon, and were material to the validity and regularity of the legal proceeding itself." U. S. v. Mayer, supra. The court naturally assumed that the case was properly on the calendar. The error of the clerk was unknown to the court. The court presumed it had jurisdiction to dismiss this case because no appearance was made by either party at the regular calendar call. The court is not asked to reverse its own judgment. The error in fact is not the error of the judge. The clerical mistake of the clerk affected the regularity and validity of the court's decision. It seems, therefore, that the error of the clerk in improperly placing this case on the calendar is to all intent and purposes the same kind of a clerical error that was found in the Palmyra Case, when the clerk failed to include in the record the damages that had been assessed in the Circuit Court. The plaintiff could, of course, file a bill in equity and obtain the same relief, but it seems an unduly cumbersome procedure to require such steps to be taken in view of the undisputed facts in this case. Furthermore, even though the facts in the case at bar do not, with a refining exactness, come within the category of a "clerical mistake," it would seem that the mistake or default caused by the clerk fairly comes within the purview of the relief granted by the writ in question. The ends of justice require the decision herein indicated, and, in the court's opinion, no violence is done to the limitation of jurisdiction to which this court is subjected.

Upon all the files and records herein, it is therefore ordered that plaintiff's motion be and hereby is in all things granted, and the judgment of dismissal entered on April 1, 1930, be vacated and set aside.

## FEDERAL MOTOR TRUCK CO. v. WOODWORTH.

### No. 8586.

District Court, E. D. Michigan, S. D.

Feb. 15, 1932.

Beaumont, Smith & Harris, of Detroit, Mich., for plaintiff.

Gregory H. Frederick, U. S. Atty., of Detroit, Mich., for defendant.

TUTTLE, District Judge.

This is an action in assumpsit brought by the plaintiff, Federal Motor Truck Company, a Michigan corporation, to recover from the defendant, Fred L. Woodworth, the United States collector of internal revenue for this district, the amount collected by him from the plaintiff, under protest, as excise taxes alleged by the defendant, and denied by the plaintiff, to have been due on certain sales of motor trucks hereinafter mentioned. A jury having been duly waived by written stipulation of the parties, the cause was submitted to the court for final judgment upon a written stipulation of facts and upon the briefs of counsel for the parties. The material facts and circumstances, as disclosed by the record and found by the court, are as follows:

Section 600 of the Revenue Act of 1924 (Act of Congress of June 2, 1924, chapter 234, 43 Statutes at Large, 322 [26 USCA §§

881 note, 882]) contains the following provisions: "There shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentage of the price for which so sold or leased—(1) Automobile truck chassis and automobile wagon chassis sold or leased for an amount in excess of $1,000 * * * 3 per centum. * * * If any manufacturer, producer, or importer of any of the articles enumerated in this section customarily sells such articles both at wholesale and at retail, the tax in the case of any article sold by him at retail shall be computed on the price for which like articles are sold by him at wholesale."

The plaintiff, a manufacturer of the automobile truck chassis mentioned in the just-quoted statute, customarily sold such truck chassis both at wholesale and at retail. It sold a certain quantity of the said truck chassis at a retail sale price in excess of $1,000 per chassis, while the price for which such chassis was customarily sold by it at wholesale was $821.-25 per chassis. The defendant thereupon assessed against such retail sales an excise tax, the amount of which tax was determined by computing 3 per cent. upon the said wholesale price of $821.25, in claimed reliance upon the statute already quoted, which tax, in the sum of $2,956.51, with certain interest and penalties thereon, the plaintiff was compelled to, and did, pay to the defendant under protest. Thereafter the plaintiff duly and seasonably filed with the defendant a claim for refund of the amount so paid, which claim was denied by the Commissioner of Internal Revenue, and, after the expiration of more than six months after the filing of said claim, the plaintiff commenced this action for the recovery of the sums so paid and interest thereon.

■ The sole question involved is whether, under a proper construction of the aforesaid statute, the retail sales in question were subject to the tax thus assessed. The defendant contends that, as each of the said retail sales was for a price in excess of $1,000, it was subject to such tax, but that, inasmuch as the plaintiff customarily sold the same article both at wholesale and at retail, the tax assessed on the retail sale should be computed, for the purpose of determining its amount, on the customary wholesale price, $821.25. The plaintiff insists that the true meaning of this statute is that, if a manufacturer customarily sells the articles in question both at wholesale and at retail, such retail sale is subject to this tax only if, and to the extent that, such wholesale sale would be subject to such tax, and that as, in this case, the customary wholesale price was not in excess of $1,000, and hence was not subject to any tax, such retail sale was not subject to any tax.

As an aid to the proper interpretation of this statutory provision, I have made a study of the legislative history thereof, and, after careful consideration of the arguments submitted, I reach the conclusion that the history of this legislation indicates that the contention of the plaintiff in this connection is correct and must be sustained. That history is as follows:

The provision for this tax on sales by a manufacturer of trucks first appeared as part of section 600 of the War Revenue Act of 1917 (40 Statutes at Large, 316), which prescribed such tax upon all such sales, regardless of the amount of the price. The tax was fixed at "3 percentum of the price for which so sold"; and there was no provision, such as is contained in the statute here involved, relative to a situation where such manufacturer customarily sells both at wholesale and at retail. This provision was superseded by section 900 of the Revenue Act of 1918 (40 Statutes at Large, 1122), which also imposed the said tax on all such sales, regardless of the purchase price, but introduced, for the first time, the proviso that, "if any manufacturer, producer, or importer of any of the articles enumerated in this section customarily sells such articles both at wholesale and at retail, the tax in the case of any article sold by him at retail shall be computed on the price for which like articles are sold by him at wholesale."

These provisions were re-enacted, without change and without limiting such tax to sales for any minimum price, by section 900 of the Revenue Act of 1921 (42 Statutes at Large, 291). When said act of 1921 was first passed by the House of Representatives, the proviso pertaining to the customary sales both at wholesale and at retail, just quoted, which had appeared for the first time in the said act of 1918, was eliminated; but such proviso was restored by the Senate, and the House then concurred in such restoration, so that this provision remained as it previously was. The report of the Senate committee submitting the bill to the Senate in 1921 contained the following language: "Under existing law a manufacturer of any of the articles taxable under section 900 of the Revenue Act of 1918 doing a wholesale and retail business is permitted to compute the tax upon his

retail sales upon the basis of his wholesale selling prices. The House bill eliminated this provision. The effect of the amendment proposed in the House bill would be to make each manufacturer compute the tax in the case of retail sales upon the amount received by the manufacturer from such sale, and would place manufacturers who have to engage in the retail business in order to place their articles upon the market at a great disadvantage when competing with manufacturers who are able to sell entirely at wholesale. Your committee recommends the retention of the present method of computing the tax in the case of retail sales."

The Revenue Act of 1924, already cited, which is the statute here involved, in re-enacting this provision of the act of 1921, amended it by introducing, for the first time, the words "sold or leased for an amount in excess of one thousand dollars." This statute, however, retained the proviso relating to sales by manufacturers customarily selling the same articles both at wholesale and at retail. When the provision limiting the sales on which this tax was levied to those "in excess of one thousand dollars" was thus introduced in the Revenue Act of 1924, no change was made in the language of the aforesaid proviso. This results in some ambiguity, with the consequent problem of statutory construction, in a case, where, as here, the retail price is more than $1,000 and the wholesale price less than that amount.

■ There is nothing to indicate that, by thus merely limiting the tax to sales for this minimum price, Congress intended to change the previously existing meaning or effect of this proviso. While the language of the proviso is not free from ambiguity, such ambiguity, under familiar cannons of construction, makes relevant, as an interpretative aid, the 1921 congressional committee report already quoted. That report indicates an understanding that under that proviso a manufacturer of motor trucks selling them both at wholesale and at retail was "permitted to compute the tax upon his retail sales upon the basis of his wholesale selling prices." At that time this "basis" was 3 per cent. of the amount of the wholesale price, regardless of such amount. But, as the wholesale price would normally be lower than the retail price, the effect of this provision was beneficial to manufacturers selling at both wholesale and retail, and the elimination of such provision would, as pointed out in said report, recommending against such elimination, place "manufacturers who have to engage in the retail business in order to place their articles upon the market at a great disadvantage when competing with manufacturers who are able to sell entirely at wholesale." Under the construction of this statute for which the defendant contends, as applied to the present case, the meaning and effect of this proviso would be directly contrary to what Congress apparently so understood it to be prior to the limitation of the tax to the minimum price of $1,000. I see no reason for supposing that such meaning or effect is in any wise different now from what it was then.

I conclude that Congress intended that the retail sale of these articles by a manufacturer customarily selling them also at wholesale should be taxed only on the basis on which such wholesale sale is taxed, so that where, as in the present case, the wholesale sale, being for a price not in excess of $1,000, is not subject to this tax, neither is such retail sale subject to such tax.

It results that the plaintiff is entitled to a judgment for the amount which it was compelled by the defendant to pay him, together with interest thereon at 5 per cent. from the date of such compulsory payment. A judgment will be entered accordingly.